IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 14-cv-00054-RBJ

STEVENS ENGINEERS AND CONSTRUCTORS, INC.,

    Plaintiff,

v.

MARKWEST LIBERTY MIDSTREAM AND RESOURCES LLC,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 10]. After issuing three extensions of time to respond to the motion [ECF Nos. 12, 14, & 16] per the request of the plaintiff [ECF Nos. 11, 13, & 15], the plaintiff did not file a Response to the motion. For the following reasons, the motion is granted.

The plaintiff Stevens Engineers and Constructors, Inc. ("Stevens") filed a complaint against the defendant MarkWest Liberty Midstream and Resources, LLC ("MarkWest") on January 7, 2014 alleging breach of contract. [ECF No. 1]. Stevens asserted that this Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1). *Id.* at ¶ 3. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business" for purposes of determining diversity of citizenship.

Stevens contends that it is a citizen of Ohio because it is an Ohio corporation with its principal place of business in Ohio. Complaint [ECF No. 1] at ¶¶ 1, 3. It further claims that MarkWest is a citizen of Delaware and Colorado because it is a Delaware corporation with its principal place of business in Colorado. *Id.* at ¶¶ 2–3. MarkWest contends that there is no subject matter jurisdiction over this case because the parties are not in fact diverse. In particular, it notes that MarkWest is a limited liability company, not a corporation, and therefore its citizenship is based on the citizenship of its partners. According to MarkWest, at least one of its partners is a citizen of Ohio.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "While, for diversity purposes, 'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business,' these considerations are irrelevant to the determination of an LLC's citizenship." *Burge v. Sunrise Med. (US) LLC*, No. 13-CV-02215-PAB-MEH, 2013 WL 6467994, at *2 (D. Colo. Dec. 9, 2013) (citation omitted); *see also See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at * 2 (D. Colo. July 10, 2009) (collecting cases). "[A] limited liability company is a citizen of the states of which its members are citizens, and is not a citizen of the state in which it was organized unless one of its members is a citizen of that state." *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) (collecting cases).

"[W]hen an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Burge*, 2009 WL 2055206 at *2. MarkWest declares, via affidavit of its general counsel, that it has one member, MarkWest Liberty Gas Gathering, LLC. Affidavit of C. Corwin Bromley [ECF No. 10-1] at ¶ 2. MarkWest Liberty Gas Gathering, LLC has one member, MarkWest Energy Operating Company, LLC. *Id.* MarkWest Energy Operating Company, LLC has one member, MarkWest Energy Partners, L.P. *Id.* According to the sworn declaration of the affiant, MarkWest Energy Partners, L.P. is a publicly traded master limited partnership with limited partners in Ohio. *Id.*

"Limited partnerships are deemed citizens of every state where any partner resides." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). That MarkWest Energy Partners, L.P. is a master limited partnership is an irrelevant distinction. *See Trafigura AG v. Enter. Products Operating LLC*, CIV.A. H-13-2712, 2014 WL 501962, at *3 (S.D. Tex. Jan. 21, 2014). According to the affidavit filed by MarkWest, which the Court has no reason to question, MarkWest is a citizen of Ohio. Therefore, there is no diversity between the parties and the Court cannot assert subject matter jurisdiction over this case.

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 10] is GRANTED and Plaintiff's Complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

DATED this 27th day of June, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge